**UNITED STATES COURT OF APPEALS**
**For the First Circuit**

Docket No. 24-1766

---

IN RE: MARY E. BUSCONE,

Debtor,

---

MARY E. BUSCONE,

Appellant,

v.

ANN TRACY BOTELHO,

Appellee,

Docket No. 24-1766

---

BRIEF OF APPELLEE,
ANN TRACY BOTELHO

**For the Appellee:**
Michael B. Feinman, Esq.
Feinman Law Office
69 Park Street
Andover, MA 01810
(978) 475-0080
BBO# 545935

# Table of Contents

Table of Authorities ................................................................................................ 3

Statement of Jurisdiction ......................................................................................... 4

Standard of Appellate Review .................................................................................. 4

Statement of Issues .................................................................................................. 5

Statement of the Case .............................................................................................. 5

Summary of the Argument ....................................................................................... 7

Argument .................................................................................................................. 8

    I.    It was not error as a matter of law for the bankruptcy court to overrule the

          Debtor's objection to the claim of the Creditor on the basis of judicial estoppel. .... 8

    II.   The Calculation of the Creditor's Claim Using State Law is Proper. ........................ 9

Conclusion and Remedy Requested ......................................................................... 10

# Table of Authorities

**Cases**

Cronin v. Town of Amesbury, 81 F.3d 257, 261 (1996) ........................................................ 10

In re Buscone, 61 F.4th 10, 23 (1st Cir., 2023) ............................................................ 5, 7, 9

In re Bush, 62 F.3d 1319, 1324 (11th Cir.1995) ................................................................ 8

In re La Roche, 969 F.2d 1299, 1301 (1st Cir., 1992) ......................................................... 4

In re Stanley-Snow, 405 B.R. 11, 19 (1st Cir. BAP 2009) ...................................................... 8

Matter of Gober, 100 F.3d 1195 (5th Cir.1996) ................................................................. 8


**Statutes**

11 U.S.C. § 523(a)(2)(A) ......................................................................................... 5

28 U.S.C. §157(b)(2) ............................................................................................. 4

M.G.L. c. 231 §6B ................................................................................................ 9


**Rules**

Fed. R. Bankr. P. 8002 .......................................................................................... 4

Rule 38 of the Federal Rules of Appellate Procedure ........................................................... 10

## Statement of Jurisdiction

This appeal arises from the Appellant's objection to the proof of claim of the Appellee in the Bankruptcy Court wherein the Debtor, Mary E. Buscone (the "Debtor"), as Chapter 13 Debtor, sought to object to the timely filed proof of claim of the-Appellee, Ann Tracy Botelho ("Creditor"). As such, the matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

The Bankruptcy Court order and judgment on appeal was docketed on December 13, 2023, and the Notice of Appeal was docketed on December 23, 2023, and thus was timely within the meaning of Fed. R. Bankr. P. 8002.  In affirming the order and judgment of the Bankruptcy Court, the District Court's judgment was entered on August 12, 2024. The Notice of Appeal from that order was docketed on August 17, 2024.  This court has jurisdiction over this appeal pursuant to 28 USC 158(d).

The Debtor appeals the overruling of her objection, which order was issued by the Bankruptcy Court (Panos, J.) on December 13, 2023 and affirmed by the United States District Court (Kobick, J.) on August 17, 2024.  (Appendix 53)

## Standard of Appellate Review

This is an appeal of an order in the nature of summary judgment.  In the underlying proceedings, there were no material facts in dispute.  Accordingly, the issues presented in this appeal involve issues of law only, and this Court shall review the Court's rulings of law de novo. See In re La Roche, 969 F.2d 1299, 1301 (1st Cir., 1992).

## Statement of Issues

The Appellant presents the following issues for appeal:

1. Whether it was error as a matter of law for the bankruptcy court to overrule the Debtor's objection to the claim of the Creditor.

2. Whether it was error as a matter of law for the Court to allow the Creditor's proof of claim with post-judgment interest calculated at the interest rate provided for by state law.

## Statement of the Case

On June 6, 2018, the Creditor commenced an action in the state, superior court against the Debtor. Eventually, this state court action resulted in a default judgment against the Debtor in favor of the Creditor on August 17, 2018 in the amount of $91,673.45. (Exhibit 1 attached hereto)

For reasons unknown, the Debtor failed to respond to the state court suit. In order to execute the judgment, the Creditor attached a lien for the judgment amount plus interest to Debtor's home. Soon thereafter, on February 25, 2019, the Debtor commenced her own Chapter 7 case in which she listed in her schedules the Creditor's claim against her in the default judgment amount. (the "2019 Bankruptcy"). While the Debtor pursued her bankruptcy, the Creditor initiated an adversary proceeding seeking a determination that her claim against the Debtor was non-dischargeable for the purposes of the Debtor's bankruptcy. The Creditor filed her complaint under 11 U.S.C. § 523(a)(2)(A).[1]

Per the Debtor's thinking, there was a wrinkle in the Creditor's plan to foreclose discharge of the Debtor's debt -- judicial estoppel. In 2014, before commencing her state

---

[1] Much of the facts recited herein are from the First Circuit opinion, *In re Buscone*, 61 F.4th 10 (1st Cir., 2023), referenced in this brief.

court action, the Creditor filed her own chapter 7 case in which she failed to list any claims held by her against the Debtor which she has asserted in this case and in the 2019 Bankruptcy of the Debtor. The Creditor's failure to list her claim against the Debtor in her 2014 bankruptcy schedule, the reasoning went, barred her from now bringing a non-dischargeability claim against the Debtor concerning the debt. In a motion to dismiss raising this theory in the form of an affirmative defense, the Debtor argued as much in the 2019 Bankruptcy. The Creditor countered the Debtor's motion by contending that her failure to disclose the claims had been made "inadvertently and through mistake, as well as a lack of understanding as to what [the relevant bankruptcy schedule] called for." Ultimately, after converting the motion to dismiss to one for summary judgment, the bankruptcy court denied the Debtor's motion.

The adversary proceedings in the 2019 Bankruptcy proceeded forward, and next encountered discovery troubles where the Creditor claimed issues with the Debtor's and her attorney's (David Baker's) failure to comply with their discovery obligations. Eventually, the Bankruptcy Court entered a sanction against the Debtor of entry of a default judgment against her. In its ruling, the court recognized the seriousness and infrequency of imposing a sanction as harsh as entry of default judgment but reasoned that doing so here was appropriate given the Debtor's complete flouting of the court's discovery orders, along with the fact that lesser sanctions had already failed to motivate compliance. As for prejudice to the Creditor, the court stated: "Plaintiff cannot be expected to prosecute a case in which she has the burden of proof where the Defendant and her counsel have failed to respond to discovery for many months and then obfuscated the issues when called upon to answer for this avoidance." That same day, the court issued an

order granting the default judgment and excepting the Debtor's debt to the Creditor. (Exhibit 2 attached hereto)

Having made all of these arguments unsuccessfully before the Bankruptcy Court, the Bankruptcy Court Appellate Panel and the First Circuit Court of Appeals, the Debtor commenced her current chapter 13 case on June 26, 2023. In this case, the Debtor once again seeks to object to the claims of the Creditor on grounds set forth in this appeal. Her basis for appeal is that the issue of judicial estoppel was not litigated in the Bankruptcy Court, and she should have another bite at that apple. Notably, she does not appeal the issuance of the Bankruptcy Court's entry of default judgment against her. Her claim that this matter was not actually litigated in the Bankruptcy Court is based upon the statement of the Frist Circuit Court of Appeals that:

> However, once again the appropriate vehicle for resolving the question evades us, as this case was terminated before the bankruptcy court had the opportunity to fully litigate the applicability of judicial estoppel in the first instance and the question of whether an equitable exception should be recognized and applied. Therefore, we once again leave the question for another day, and based upon the particular facts of this case, we instead hold only that the bankruptcy court did not abuse its discretion in denying Mary's summary judgment motion. That is so because Mary failed to meet her burden of convincing the bankruptcy court that the undisputed facts here mandated application of judicial estoppel, and on appeal fails to demonstrate how the court's denial constituted an abuse of discretion.

*In re Buscone*, 61 F.4th 10, 23 (1st Cir., 2023)

The First Circuit went on to state that the Bankruptcy Court below had clearly reserved the issue of summary judgment for a full determination on the merits of the case, which were never reached due to the conduct of the Debtor and her attorney during discovery, but that the Bankruptcy Court properly exercised its discretion in doing so.

## Summary of the Argument

In summary, even if the issue of judicial estoppel was not fully litigated during the 2019 Bankruptcy, the Debtor cannot prevail. The First Circuit has already addressed the

issue and has found that the Bankruptcy Court's discretion was proper, and thereafter, the Debtor and her attorney, by their conduct, brough about the default that was entered by the Bankruptcy Court. Since the superseding conduct in the case by the Debtor and her attorney has been fully adjudicated, there is no opportunity for collateral attack of the orders entered.

Further, the debt that was preserved by virtue of the default entered by the Bankruptcy Court arose out of the state court judgment. Interest on a post-judgment basis proceeds under state law.

## Argument

I.     It was not error as a matter of law for the bankruptcy court to overrule the Debtor's objection to the claim of the Creditor on the basis of judicial estoppel.

The Debtor in this case has failed to recognize that her obligations to the Creditor have been fully litigated by virtue of the decision of the Bankruptcy Court below, and her participation in the case.

It is established that a default judgment can be considered, and it is considered, a decision on the merits of the claims involved when a party actively patriciates in the litigation. In re Stanley-Snow, 405 B.R. 11, 19 (1st Cir. BAP 2009) (citing Matter of Gober, 100 F.3d 1195 (5th Cir.1996) (holding that default judgment based on failure to answer does not support issue preclusion but where default issued as discovery sanction against defendant debtor after two years of litigation in which defendant had answered and denied all allegations of complaint, collateral estoppel applied); In re Bush, 62 F.3d 1319, 1324 (11th Cir.1995) (applying collateral estoppel effect to prior default judgment against debtor based on fraud, where debtor "actively participated" in adversary process for almost one year through filing answer, counterclaim, and discovery requests)).

In this case, the First Circuit recognized that ". . . once [Creditor]'s dischargeability claim was "litigated" -- admittedly, through yet another default judgment. . ."[2] based upon participation in the proceedings. The sanctions issue having been fully litigated, the entire case having been litigated, the Debtor cannot now attempt to collaterally attack the judgment against her by claiming that a portion of the case was not fully litigated. Once the case was addressed by the First Circuit affirming the judgment of the Bankruptcy Court, the entire case has been litigated and cannot be collaterally attacked. What may have happened with regard to the merits of the judicial estoppel claim became irrelevant and died with the sanctions order entered against the Debtor.

II.     The Calculation of the Creditor's Claim Using State Law is Proper.

This matter, too, has already been litigated. As stated by the First Circuit:

> We briefly note, however, that this amount may no longer reflect the debt owed to Ann. By Ann's admission, Mary has made some payments toward the debt, and as the bankruptcy court suggested by holding the "interest and costs due thereunder" non-dischargeable, state law provides for interest to accrue post-judgment. See Mass. Gen. Laws ch. 231, §§ 6B, 6C, 6H (establishing annual interest rates for damages awarded by Massachusetts state courts).

*In re Buscone*, 61 F.4th at 34.

The Debtor cites no authority for her position that the Federal interest rate applies to a non-dischargeable state court judgment. M.G.L. c. 231 §6B provides:

> In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.

The claim that interest does not accrue is without merit and should be rejected.

---

[2] *In re Buscone*, 61 F.4th at 34.

## Conclusion and Remedy Requested

The Creditor requests that this Honorable Court affirm the orders of the Bankruptcy Court and the District Court and to reject the frivolous appeal of the Debtor. Pursuant to Rule 38 of the Federal Rules of Appellate Procedure, the Debtor and her counsel should be required to pay sanctions for this frivolous appeal, and for the vexatious manner of proceeding with his litigation, along with such other and further relief deemed proper. [3]

Respectfully submitted,

Ann Tracy Botelho
By her attorney,

Dated: December 31, 2024

/s/ Michael B. Feinman
Michael B. Feinman
BBO#545935
Feinman Law Offices
69 Park Street
Andover, MA 01810
Tel: 978-475-0080
Fax: 978-475-0852
Email:mbf@feinmanlaw.com

---

[3] An appeal is frivolous if the result is obvious, or the arguments are "wholly without merit." It is enough that the appellants and their attorney should have been aware that the appeal had no chance of success. *Cronin v. Town of Amesbury*, 81 F.3d 257, 261 (1996)

## CERTIFICATE OF SERVICE

       I, Michael B. Feinman, hereby certify that I have this day served the foregoing pleading, by mailing a true and accurate copy of each, if not shown as being served electronically, via first class mail and postage prepaid, to the following parties in interest:

David G. Baker, Esq.
Email: david@bostonbankruptcy.org

Dated:  December 31, 2024                      /s/ Michael B. Feinman
                                                Michael B. Feinman